UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY D. THOMAS,

                Petitioner,             Case No. 2:21-cv-11249
                                               Hon. Mark A. Goldsmith

v.

JODI DEANGELO,

                Respondent.
_____/

**OPINION & ORDER**
**SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS (Dkt. 1)**
**WITHOUT PREJUDICE AND DENYING CERTIFICATE OF APPEALABILITY**

      Michigan inmate Anthony D. Thomas filed this petition for writ of habeas corpus. In 2011, Petitioner was sentenced to a prison term of 13 to 23 years after he pled guilty in the Ingham Circuit Court to second-degree murder. While serving that sentence, in 2013, Petitioner was sentenced to a consecutive 17 to 30 months after he pled guilty in the Lenawee Circuit Court for assault of a prison employee. Finally, in 2017, Petitioner pled guilty in the Ionia Circuit Court to third-degree arson, adding a term of 3 years and 4 months to 15 years to his string of sentences.[1]

      The petition challenges only the Lenawee conviction for assaulting a corrections officer. Petitioner asserts, "I never attempted to spit on either correctional officer. The courts didn't understand how drugged up I was." Pet. at PageID.2 (Dkt. 1). He further states that he was merely yelling when he inadvertently "spit a speck" on an officer. Id. at PageID.6. Petitioner admits that

---

[1] See https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=798792 [https://perma.cc/NDY6-24WC]. The Court may take judicial notice of the information provided by a search of the MDOC OTIS website with regard to Petitioner. See Carpenter v. Mich. Dep't of Corr. Time Computation Unit, No. 1:13-cv-313, 2013 WL 1947249 *1 n.1 (W.D. Mich. May 9, 2013); Ward v. Wolfenbarger, 323 F. Supp. 2d 818, 821–822 n.3 (E.D. Mich. 2004).

he has not sought any state court review of this conviction, explaining he was "too drugged up when part of my original case was not to take medication." Id. at PageID.4.

After a petition for writ of habeas corpus is filed, the Court undertakes preliminary review to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases. If the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. McFarland v. Scott, 512 U.S. 849, 856 (1994); Carson v. Burke, 178 F.3d 434, 436 (6th Cir. 1999); Rule 4, Rules Governing § 2254 Cases.

A federal habeas petitioner must exhaust remedies available in the state courts before filing his petition. 28 U.S.C. § 2254(b)(1); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. Id. The district court can raise the issue of exhaustion on its own when it clearly appears that habeas claims have not been presented to the state courts. See Prather v. Rees, 822 F.2d 1418, 1422 (6th Cir. 1987).

Here, Petitioner did not exhaust his state court remedies with respect to any potential habeas claims, because he never pursued any form of relief in the state courts. Petitioner appears to have a state court remedy available to him under Michigan Court Rule 6.501 et seq., as he denies that he ever filed for any form of state appeal. Pet. at PageID.2–3. Because Petitioner has failed to exhaust his state court remedies, his petition is properly dismissed without prejudice.

The Court notes that the habeas statute imposes a one-year statute of limitations on habeas claims. 28 U.S.C. § 2244(d)(1). In Palmer v. Carlton, 276 F.3d 777, 781 (6th Cir. 2002), the Sixth Circuit considered what action a court should take if the dismissal of a habeas petition for failure

to exhaust could jeopardize the timeliness of a subsequent petition. The Palmer court concluded that a stay in such circumstances is appropriate. Id.; see also Rhines v. Weber, 544 U.S. 269, 277 (2007) (approving the stay-and-abeyance procedure).

Here, because Petitioner is challenging a 2013 conviction for which he pursued no appellate review, it appears no time remains on the one-year limitations period. Petitioner is not in the position of a habeas petitioner requesting to file a so-called "protective petition" because expiration of period of limitations is imminent. Rather, that ship has already sailed. Under such circumstances, a stay of the petition rather than a dismissal is not warranted. See Clay v. Romanowski, No. 12-14572, 2012 WL 5363794, *4–5 (E.D. Mich. Oct. 30, 2012) (holding that a stay pursuant to Rhines was not warranted where unexhausted claims was already time-barred); King v. Frauenheim, No. 14-05267, 2016 WL 687867, 2016 WL 687867, at *6 (N.D. Cal. Feb. 19, 2016) (same).

Accordingly, the petition is dismissed without prejudice. Because the disposition of the case is not reasonably debatable, a certificate of appealability is denied. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

SO ORDERED.

Dated: July 26, 2021                  s/Mark A. Goldsmith  
   Detroit, Michigan                MARK A. GOLDSMITH  
                                           United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 26, 2021.

                                                                s/Karri Sandusky  
                                                                Case Manager